IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CLINTON T. ELDRIDGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-cv-73 JPG |
| | ) | |
| R. WILEY, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATIONS**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Petition for Writ of Habeas Corpus filed by the Petitioner, Clinton T. Eldridge, on February 3, 2005 (Doc. 1). For the reasons set forth below, it is **RECOMMENDED** that the Petition be **DENIED**, that the action be **DISMISSED,** and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Petitioner Clinton T. Eldridge, a federal inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner states that on May 14, 1984, he pleaded guilty in the Superior Court of the District of Columbia to nine counts of a 37-count indictment charging him with rape, robbery, burglary, and attempted robbery (Doc. 1, p. 7). On July 19, 1984, he was sentenced to an aggregate term of imprisonment of 40 to 120 years on the 9 counts (Doc. 1, p. 7). In October 1985 Petitioner sought post-conviction relief in the trial court requesting to withdraw his guilty plea and be granted a new trial. The trial court denied these requests (Doc. 1, p. 7).

On appeal of the denial of post-conviction relief, the District of Columbia Court of Appeals held that Petitioner did not knowingly plead guilty to one of the nine counts. See Eldridge v. United States, 618 A.2d 690 (D.C. Ct. App. 1992). The Court of Appeals found that a last-minute alteration to the plea agreement resulted in Petitioner pleading guilty to an additional count of burglary that had not been part of the original plea bargain, and which carried an additional sentence of 5 to 30 years imprisonment. Id. at 692. The Court of Appeals determined that Petitioner was not fully informed of the consequences of his guilty plea on the new count and therefore reversed the conviction and remanded the case. Id. On remand, the trial court vacated the additional burglary count and resentenced Petitioner on the other eight counts of the plea agreement. The trial court increased Petitioner's sentence on one of the original eight counts, causing his aggregate sentence to remain unchanged at 40 to 120 years imprisonment (Doc. 1 at 7; Doc. 11, Exh. D).

Petitioner states that in 1996 he filed a second petition for post-conviction relief on the resentencing, which the trial court denied, and the Court of Appeals affirmed (Doc. 1 at 7). The Supreme Court denied certiorari (Doc. 1 at 7). Petitioner states that he filed two additional petitions for post-conviction relief in 2002 and 2003, both of which were denied, the denials affirmed on appeal, and petitions for certiorari thereupon denied by the Supreme Court (Doc. 1 at 7).

Petitioner filed the instant petition on February 3, 2005, raising one ground for relief, namely, that he is entitled to sentence credit for the nine years served between his 1984 sentence and his 1993 resentencing (Doc. 1 at 7). Respondent argues that the petition should be denied because Petitioner failed to exhaust his administrative remedies, and even if he had exhausted, he

2

is not entitled to any credit to his sentence.

**CONCLUSIONS OF LAW**

The Supreme Court has held that credit to a federal sentence on the basis of time previously served, which is authorized by 18 U.S.C. § 3585(b), cannot be calculated at the time of sentencing. See United States v. Wilson, 503 U.S. 329, 334 (1992). Instead, the statute contemplates computation of the credit by the Attorney General after the sentence has commenced. "After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence." Id. at 335. Requests for sentence credit for time previously served must be made initially through the Bureau of Prisons' ("BOP") administrative channels, which are governed by federal regulation. Id. Prisoners may seek judicial review of the BOP computation in a district court only "after exhausting their administrative remedies." Id. See also Romandine v. United States, 206 F.3d 731, 736 (7th Cir. 2000) (requests for credit to sentence or recalculation of time served on federal sentence must be presented to BOP for review prior to the filing of action under 28 U.S.C. § 2241).

A prisoner seeking sentence credit under section 3585(b) must follow the procedures outlined in 28 C.F.R. § 542.10-16, which include, first attempting to resolve the grievance informally (section 542.13), then filing a formal Administrative Remedy Request with a correctional counselor (section 542.14), and, when necessary, appealing an unsatisfactory response (section 542.15).

In the instant case, Petitioner does not present any evidence that he filed any grievances regarding calculation of or credit to his sentence. In the section of the petition form that asks

whether Petitioner presented his claim at the administrative level, Petitioner marked either "no" or "n/a" (Doc. 1, pp. 4-6). In the memorandum supporting the petition he claims that the PLRA exhaustion requirement does not apply to this habeas action (Doc. 1, Memo pp. 4-5). Petitioner further states that he has exhausted his state court remedies by presenting the claim to the highest court in the District of Columbia and by seeking review in the United States Supreme Court (Doc. 1, Memo p. 5). Respondents present evidence indicating that during his time in BOP custody Petitioner has filed many grievances, but none of them addressed the calculation of or credit to his sentence (Doc. 11, Exh. 4).

Based upon this evidence, the Court concludes that Petitioner has not followed the administrative procedures provided in the federal regulations to challenge the calculation of his sentence. The law is clear that he must do so before bringing his claim here. Because no such computation has occurred, the Court has nothing to review. The circumstances of this case exemplify the necessity of the exhaustion requirement. Until the administrative process has been completed, the district court has no determination to make under the statute.[1] Accordingly, the Court recommends that the Petition for Writ of Habeas Corpus be **DENIED**.

## CONCLUSION

For the reasons set forth above, it therefore is **RECOMMENDED** that the Court adopt the foregoing findings of fact and conclusions of law, that the Petition for Writ of Habeas Corpus be **DENIED,** and that judgment be entered in favor of the Respondent.

---

[1] The Court notes that Respondent provided evidence that the BOP's determination of Petitioner's release date is based upon incarceration dating from 1984, the time of Petitioner's first sentencing. It is likely, therefore, that Petitioner is not entitled to any additional credit on his sentence. The Court, however, cannot make such a finding until it has been presented with the agency's determination under the statute.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  <u>Snyder v. Nolen</u>, 380 F.3d 279, 284 (7th Cir. 2004); <u>United States v. Hernandez-Rivas</u>, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED:  July 28, 2008**

<u>s/ *Donald G. Wilkerson*</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**